## Lee WOLFE v. STATE.
### No. 16653.

Court of Criminal Appeals of Texas.

April 18, 1934.

T. C. Hutchings, of Mt. Pleasant, and C. E. Florence, of Gilmer, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for aggravated assault; penalty assessed at a fine of $25.

The record is before this court without statement of facts or bills of exception. No error has been perceived or pointed out.

The judgment is affirmed.

## Maggie RUMFIELD v. A. J. RUMFIELD.
### No. 1573.

Court of Civil Appeals of Texas. Waco.

Jan. 25, 1934.

Geo. C. Herman, of Crystal City, for appellant.

Brownlee & Brownlee, of Madisonville, for appellee.

ALEXANDER, Justice.

This case is before the court on motion of appellee to affirm on certificate because of the failure of appellant to file the transcript in this court within the time provided by law. The record discloses that final judgment was entered by the trial court on July 13, 1933. Motion for new trial was overruled July 15, 1933. The appeal to this court was perfected by the filing of bond on July 27, 1933. The appellant has wholly failed to file in this court a transcript of the proceedings. Under the provisions of Revised Statutes, art. 1841, the appellee is entitled to have the judgment of the trial court affirmed. Beaver v. Beaver (Tex. Civ. App.) 57 S.W.(2d) 279. The appellant concedes this to be true, and agrees that the judgment of the trial court may be so affirmed, and it is so ordered.

## SOUTHERN FIRE INSURANCE COMPANY OF NEW YORK, Plaintiff in Error, v. Minnie T. HALTOM, alias Linnie T. Haltom, et al., Defendants in Error.
### NO. 9328.

Court of Civil Appeals of Texas. San Antonio.

April 18, 1934.

Rehearing Denied May 9, 1934.

T. M. West and Nat Hardy, both of San Antonio, for plaintiff in error.

Merritt Steger and Church & Graves, all of San Antonio, for defendants in error.

SMITH, Justice.

This whole controversy rests upon the validity of a jury finding that defendants in error's building was a total loss from fire while insured for $300 by plaintiff in error fire insurance company.

This court has very carefully reviewed the evidence and the presentation thereof in the briefs of the parties, and has reached the conclusion, albeit with some hesitation and reluctance, that, there being material testimony to support the jury finding, that finding must stand.

It may be true, as plaintiff in error contends, that the finding is against the weight and preponderance of the evidence, but it is not so overwhelmingly so as to warrant an appellate court in arbitrarily substituting its appraisal of the testimony for that of the jury.

The judgment is affirmed.

END OF CASES IN THIS VOLUME